1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  FRANK G. GREEN,                                    No.  2:21-CV-1582-DMC-P

12              Plaintiff,

13      v.                                             <u>ORDER</u>

14  RALPH DIAZ, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21  § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26  means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84 F.3d

27  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  (1) Ralph Diaz, the secretary for the California Department of Correction and Rehabilitation in Sacramento, California, (CDCR); (2) S. Spain, a forensic psychologist for the CDCR; and (3) S. Puricelli, a staff attorney/Board of Parole Hearings (BPH) appeal analyst in Sacramento, California.  ECF No. 1, pg. 2.  Plaintiff makes three (3) claims.  See id. at 3-16.

First, Plaintiff alleges that Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights to due process of law where Defendants administered an unfair parole evaluation and proceeding.  See id. at 3. Second, Plaintiff alleges a violation of the Fourteenth Amendment's Equal Protection Clause as a "class of one."  See id. at 13.  Third, Plaintiff alleges a violation of the Americans with Disabilities Act.  See id. at 13.  Each of the three (3) claims arise out of the following facts:

Plaintiff was diagnosed with prostate cancer by Dr. Liu, a urologist at St. Joseph's Medical Center in Stockton, California.  See id. at 4.  Plaintiff provides a detailed narrative of his radiation treatment and the extensive toll the treatment has had on his physical and mental state.  See id. at 4-6.  Plaintiff noted a scheduling conflict with his radiation treatment and psychological evaluation with the BPH.  See id. at 5.  Plaintiff informed his assigned correctional counselor that the treatment and the evaluation were scheduled for the morning of June 14, 2019.  See id. Plaintiff's correctional counselor assured Plaintiff that the evaluation would be rescheduled and gave Plaintiff an "Inmate Priority Pass" instructing Plaintiff to report for his evaluation at 4:00 p.m. on June 14.  See id.  However, on June 14, while Plaintiff was being escorted from his radiation treatment, the officers escorting Plaintiff took Plaintiff to the psychological evaluation

2

1   without giving Plaintiff time to recover from his treatment.  See id.

2         Plaintiff informed Defendant Spain that he had "just returned from radiation

3   treatment, which ended less than an hour earlier" and that Plaintiff "wasn't feeling very well as a

4   result." Id. at 5-6.  Plaintiff requested to be interviewed at a different time, but "Defendant Spain

5   refused to even consider accommodating the disabling and extremely uncomfortable conditions

6   caused by the latest round of Plaintiff's ongoing cancer treatment or [to] consider the

7   accommodations that had already been made." Id. at 6.  While being interviewed Plaintiff needed

8   to urinate every "one-to-two minutes" throughout the entire interview.  See id. at 7.  Plaintiff

9   alleges that Defendant Spain "commented about how he believed Plaintiff was just doing it to be

10  'difficult' or 'obnoxious,' among similar adjectives, and he told Plaintiff things like, 'I hold your

11  freedom in my hands.  Do you really want to play games right now?'" Id.  "Defendant Spain

12  found Plaintiff to 'represent a high risk for violence'" in the Comprehensive Risk Assessment

13  report. Id.  Plaintiff alleges that Defendant Spain mischaracterized the psychiatric evaluation in

14  the report and omitted pertinent information. Id.  The BPH denied Plaintiff's parole for five (5)

15  years allegedly relying "heavily, if [not] solely," on the evaluation report.  See id. at 12.  Plaintiff

16  articulates a more detailed account of both the evaluation and parole hearing in his complaint.

17  See id. at 5-12.

18        Defendant Spain's refusal to accommodate Plaintiff's medical disabilities and the

19  great weight given to the report "denied Plaintiff of a meaningful right to be heard at his parole

20  hearing."  See id.  "Plaintiff claims that he is entitled to a new psychological evaluation before a

21  different clinician, and a new parole hearing based on the Comprehensive Risk Assessment made

22  while Plaintiff is not suffering from the side effects of radiation treatments and powerful

23  steroids."  See id.  "The refusal by Defendant Spain to accommodate Plaintiff's need for rest and

24  recuperation before attending his psychological evaluation, which was actually scheduled six (6)

25  hours later that same day for that very reason, violated Plaintiff's rights to Due Process of Law,

26  Equal Protection, and protections under the Americans with Disabilities Act." Id. at 15.

27  / / /

28  / / /

## II. DISCUSSION

The Court finds that Plaintiff states a cognizable equal protection claim and a cognizable Americans with Disabilities Act claim as to Defendant Spain.  However, Plaintiff has failed to sufficiently link the conduct of Defendant Diaz or Defendant Puricelli to a specific constitutional or statutory violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff failed to allege facts indicating that Defendant Diaz or Defendant Puricelli violated a constitutional or statutory right.  Plaintiff does not reference specific conduct of either Defendant Diaz or Defendant Puricelli.  Plaintiff will be provided an opportunity to amend his claim to state any specific conduct of either Defendant Diaz or Defendant Puricelli that caused a violation.  As to each named defendant, Plaintiff must allege which specific Defendant took what specific action that caused a specific constitutional violation.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1        Because the complaint appears to otherwise state cognizable claims, if no amended

2  complaint is filed within the time allowed therefor, the Court will issue findings and

3  recommendations that the claims identified herein as defective be dismissed, as well as such

4  further orders as are necessary for service of process as to the cognizable claims.

5        Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

6  complaint within 30 days of the date of service of this order.

7

8  Dated:  September 30, 2021

9                         DENNIS M. COTA

10                       UNITED STATES MAGISTRATE JUDGE

6