IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK C. GREEN,<br><br>       Plaintiff,<br><br>     v.<br><br>S. SPAIN,<br><br>       Defendant. | No. 2:21-CV-1582-DMC-P<br><br><br><u>ORDER</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to compel Plaintiff to provide discovery responses. <u>See</u> ECF No. 26. Plaintiff has filed an opposition. <u>See</u> ECF No. 28. Defendant has filed a reply. <u>See</u> ECF No. 29.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

1

>issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

///

///

## I. SUMMARY OF DISCOVERY IN DISPUTE

Defendant served Plaintiff with interrogatories, set one, and requests for production, set one, on September 1, 2022. See ECF No. 26-1, pgs. 4-16 (Exhibit A and B to Georgely declaration). Plaintiff served his responses on October 11, 2022. See id. at 17-28 (Exhibit C to Georgely declaration). These responses are not signed. See id. On October 12, 2022, Defendant served Plaintiff with interrogatories, set two, requests for production, set two, and request for admissions, set one. See id. at 30-47 (Exhibits D and E to Georgely declaration). Plaintiff served his responses to Defendant's second set of discovery requests on December 29, 2022. See id. at 53-85 (Exhibit H to Georgely declaration). These responses were dated December 26, 2022. See id.

At issue in Defendant's motion are Plaintiff's responses to both sets of interrogatories and requests for production of documents. See ECF No. 26. Defendant raises no arguments concerning Plaintiff's responses to request for admissions.

## II. DISCUSSION

With respect to the first set of discovery, Defendant argues that Plaintiff failed to sign his responses to Defendant's first set of discovery requests and that Plaintiff should be ordered to serve signed responses. See ECF No. 26, pg. 9. As to Defendant's interrogatories, set two, and requests for production, set two, Defendant contends Plaintiff's responses were untimely, that the Court should order that all objections to those requests overruled, and that Plaintiff should be directed to serve responses without objection. See id. at 10. Defendant further argues that various objections to the second set of discovery requests should be overruled. See id. at 11-17. Finally, Defendant asks the Court to award reasonable expenses. See id. at 17-18.

### A. First Set of Discovery Requests

Defendant's argument is well-taken with respect to Plaintiff's responses to interrogatories, which must be signed as required by Federal Rule of Civil Procedure 33(b)(5). Plaintiff will be ordered to serve Defendant with signed responses to Defendant's interrogatories, set one. Defendant's argument is not persuasive with respect to Requests for Production Set One

because there is no similar requirement that responses to documents requests be signed. See Fed. R. Civ. P. 34. Nor does Federal Rule of Civil Procedure impose a signature requirement on discovery responses, except as required under Rule 33. See Fed. R. Civ. P. 11(d). Because Defendant raises no other argument relating to Defendant's Requests for Production, Set One, no further responses thereto will be ordered.

### B. Second Set of Discovery Requests

Defendant contends that, for various of the second set of discovery requests as to which Plaintiff interposed objections, Plaintiff should be ordered to provide further responses without objection because objections were waived by Plaintiff's failure to initially serve timely responses. Defendant also argues that, as to certain others of the second set of discovery requests, Plaintiff should be directed to serve complete responses.

#### 1. Waiver of Objections

At issue are Plaintiff's responses to Defendant's interrogatories, set two, no. 18, and requests for production of documents, set two, nos. 9, 12, 13 15, 18, and 20. As to each, Plaintiff refused to answer on the basis of various objections. The Court agrees with Defendant that Plaintiff's responses to these discovery requests were not timely. Defendant's second set of discovery requests were served on October 12, 2022. Plaintiff's responses were signed on December 26, 2022, and are accompanied by a proof of service dated December 29, 2022. Pursuant to the Court's May 20, 2022, discovery and scheduling order, responses to written discovery were due within 45 days of the date the requests were served. See ECF No. 24, pg. 1. Here, Plaintiff's responses were signed and served over two months after the second set of discovery requests were served by Defendant. As such, they were untimely.

The Court agrees with Defendant that Plaintiff's failure to serve timely responses to the second set of discovery requests constitutes a waiver of Plaintiff's objections. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see also Williams v. Romero, 2022 WL 104283, at *3 (E.D. Cal. 2022). Plaintiff will be ordered to provide further responses, without objections, to Defendant's interrogatories, set two, no. 18, and Defendant's requests for production of documents, set two, nos. 9, 12, 13, 15, 18, and 20.

2.     Specific Discovery Requests

Defendant argues: (a) Plaintiff omitted his response to interrogatory, set two, no. 10; and (b) Plaintiff failed to state whether documents responsive to Defendant's requests for production, set two, nos. 8, 10, and 19, are within his possession, custody, or control. Defendant's arguments are not persuasive.

In response to nos. 8 and 10, Plaintiff states that he would produce responsive documents as they become available. These responses fairly indicate that, at the time Plaintiff made them, responsive documents were not in fact in his possession, custody, or control. No further response to nos. 8 and 10 will be ordered. Plaintiff is, however, reminded of his continuing obligation to supplement his responses as responsive documents are discovered and within his possession, custody, or control.

In response to no. 19, which asks Plaintiff to produce a copy of any and all documents Plaintiff contends support his allegations that he was physically and mentally distressed or otherwise unable to participate fully in the June 14, 2019, evaluation, Plaintiff responded that he was prevented from documenting his allegations. The Court agrees with Defendant that this response does not address the request for responsive documents which are within Plaintiff's possession, custody, or control. While Plaintiff himself may have been prevented from documenting his allegations, that is not to say that there is no such documentation which supports Plaintiff's assertions. Plaintiff will be directed to serve a supplemental response to no. 19, without objection.

C.     **Request for Award of Reasonable Expenses**

The Court declines to order Plaintiff, who is proceeding pro se and in forma pauperis, to pay reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5). While the rule requires a party prevailing on a motion to compel to be awarded reasonable expenses, see Fed. R. Civ. P. 37(a)(5)(A), the Court must not order such an award if "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(i). The Court so finds here. Directing an indigent litigant to pay an award of reasonable expenses in the amount of many hundreds of dollars, followed by the litigant's inevitable inability to comply, would be tantamount to a

terminating sanction, which would be unjust given the nature of the discovery issues discussed herein.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel, ECF No. 26, is granted in part and denied in part as follows:

    a. Defendant's motion is granted as to Defendant's interrogatories, set one, and Plaintiff is directed to serve signed responses to these interrogatories within 30 days of the date of this order.

    b. Defendant's motion is denied as to Defendant's Requests for Production of Documents, Set One.

    c. Defendant's motion is granted as to Defendant's interrogatories, set two, no. 18, and Defendant's Requests for Production of Documents, Set Two, nos. 9, 12, 13, 15, 18, and 20, and Plaintiff is directed to serve further responses to these discovery requests, without objections, within 30 days of the date of this order.

    d. Defendant's motion is denied as to Defendant's Requests for Production of Documents, Set Two, nos. 8 and 10.

    e. Defendant's motion is granted as to Defendant's Requests for Production of Documents, Set Two, no. 19, and Plaintiff is directed to serve a further response to this request, without objections, within 30 days of the date of this order.

    f. Defendant's motion is denied as to Defendant's request for an award of reasonable expenses under Rule 37.

2. Except for the further discovery responses ordered herein, discovery remains closed.

3. The Court hereby re-sets the deadline for the parties to file dispositive motions to 90 days from the date of this order.

Dated:  June 16, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE