IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK C. GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SPAIN,<br><br>　　　　　Defendant. | No. 2:21-CV-1582-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion for judgment on the pleadings based on Plaintiff's recent death. See ECF No. 39.

　　　　　Motions for judgment on the pleadings under Rule 12(c) are similar to motions under Rule 12(b) in that judgment on the pleadings is appropriate if ". . .it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Rather than testing whether the factual allegations state a claim, motions under Rule 12(c) test whether, even if all the facts alleged in the complaint can be proved, defendants are nonetheless entitled to judgment as a matter of law. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). All non-conclusory factual allegations in the complaint must be assumed to be true. See Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967); see also McGlinchy, 845

F.2d at 810.

## I. BACKGROUND

Plaintiff initiated this action with a pro se complaint for declaratory and injunctive relief filed on September 2, 2021. Thereafter, following issuance of a screening order advising Plaintiff of defects in his pleading with respect to Defendants Diaz and Puricelli, Plaintiff filed a notice of his intention to dismiss those defendants from the action. See ECF No. 10. On December 10, 2021, the Court determined that service of the complaint was appropriate for the sole remaining defendant – S. Spain. See ECF No. 12. Defendant Spain waived service and filed an answer to the complaint on April 18, 2022. See ECF No. 20.

On May 20, 2022, the Court issued a discovery and scheduling order for the case. See ECF No. 24. On September 15, 2023, following the close of discovery, the Court extended the dispositive motion filing deadline to September 21, 2023. See ECF No. 35. Defendant timely filed a motion for summary judgment on September 21, 2023. See ECF No. 36. Plaintiff did not file an opposition. Defendant filed the currently pending motion for judgment on the pleadings on November 28, 2023. See ECF No. 39. Attached to Defendant's motion is the declaration of E. Takahara, the Litigation Coordinator at the California Health Care Facility, indicating that Plaintiff died on October 31, 2023. See ECF No. 39-1.

## II. DISCUSSION

Defendant argues that judgment on the pleadings is appropriate and that this action must be dismissed because Plaintiff's death renders Plaintiff's requests for declaratory and injunctive relief, the only relief sought in this action, moot. See ECF No. 39, pgs. 5-6. The Court agrees. See Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir. 1983) (holding that the plaintiff's death mooted claims for injunctive relief); see also Kalani v. Starbucks Coffee Co., 698 F. App'x 883, 885-6 (9th Cir. 2017); Muniz v. Pfeiffer, 2019 WL 4596649, at *13 (E.D. Cal. 2019) (Americans with Disabilities Act claim for injunctive relief mooted by inmate plaintiff's death); Corona v. Knowles, 2010 WL 318555, at *15 (E.D. Cal. 2010) (equal protection claim for

injunctive relief mooted by inmate plaintiff's death).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

    1.    Defendant's motion for judgment on the pleadings, ECF No. 39, be GRANTED.

    2.    Defendant's motion for summary judgment, ECF No. 36, be DENIED as moot.

    3.    This action be DISMISSED in its entirety and with prejudice as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2024

                                                       DENNIS M. COTA
                                                       UNITED STATES MAGISTRATE JUDGE